IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACQUELINE RUMMEL, *on behalf of*  )
*herself and all others similarly situated,*  )
)
         **Plaintiff,**  )   **CIVIL ACTION NO. 3:13-cv-87**
)
**v.**  )
)   **JUDGE KIM R. GIBSON**
**HIGHMARK, INC.,**  )
)
         **Defendant.**  )

## MEMORANDUM AND ORDER OF COURT

**GIBSON, J.**

### I. SYNOPSIS

This matter arises from Plaintiff Jacqueline Rummel's ("Plaintiff") allegations that Defendant Highmark, Inc. ("Defendant" or "Highmark") failed to pay certain employees overtime wages in violation of the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. Stat. § 333.101 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Currently before the Court is Defendant's motion to dismiss (ECF No. 4) Plaintiff's amended complaint (ECF No. 1-1 at 37-58), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court finds that Plaintiff's amended complaint states a plausible claim for relief. Accordingly, Defendant's motion will be **DENIED**.

### II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the federal claims made under the Fair Labor Standards Act pursuant to 28 U.S.C. § 1331, and the Court has supplemental jurisdiction[1]

---

[1] The Court notes that neither party has addressed whether this Court can exercise supplemental jurisdiction over Plaintiff's PMWA claims. This Court is well aware of the ongoing debate within this Circuit concerning the viability of an action that raises both opt-in class action claims under the FLSA and opt-out class action claims under state wage laws, such as the PMWA, regarding jurisdiction, preemption, and other similar issues. This Court has

1

over the state law clams made under the Pennsylvania Minimum Wage Act pursuant to 28 U.S.C § 1367. Venue is proper under 28 U.S.C. 1391(b).

## III. BACKGROUND

### A. Procedural History

Plaintiff initiated the instant action by filing a class action complaint[2] in the Court of Common Pleas of Cambria County on February 1, 2013, alleging violations of the PMWA. (*See* ECF No. 1-1 at 1-18). On March 25, 2013, Defendant filed preliminary objections to the complaint (*see* ECF No. 1-1 at 19-27), along with a memorandum in support (*see* ECF No. 1-1 at 28-36), requesting that Plaintiff's PMWA claim be dismissed for legal insufficiency. Plaintiff filed an amended class action complaint ("amended complaint") in the Court of Common Pleas of Cambria County on April 5, 2013, adding a second count alleging violations of the FLSA. (*See* ECF No. 1-1 at 37-58).

On April 18, 2013, Defendant removed the case from the Court of Common Pleas of Cambria County to this Court. (ECF No. 1). Thereafter, Defendant filed a Rule 12(b)(6) motion to dismiss (ECF No. 4) for failure to state a claim, along with a brief in support (ECF No. 5), on

---

previously held that "[b]ecause the class certification procedures under 29 U.S.C. § 216(b) are incompatible with those set forth in Fed. R. Civ. P. 23, the Court must dismiss those state-law claims in [a plaintiff's complaint] that fall within the provisions of the Fair Labor Standards Act." *Bros. v. Portage Nat. Bank*, No. 3:06-cv-94, 2007 WL 965835, at *7 (W.D. Pa. Mar. 29, 2007); *see also Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 2d 439 (W.D. Pa. 2007); *Burkhart-Deal v. Citifinancial, Inc.*, No. 07-cv-1747, 2008 WL 2357735, at *2 (W.D. Pa. June 5, 2008); *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 71 (E.D. Pa. 2009).

However, this Court is also aware that the Third Circuit has recently concluded that the "purported 'inherent incompatibility' [theory] does not defeat otherwise available federal jurisdiction" and declined to adopt the view "that jurisdiction over an opt-out class action based on state-law claims that parallel the FLSA is inherently incompatible with the FLSA's opt-in procedure." *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 261-62 (3d Cir. 2012). Because neither party raised this issue and because no motion for class certification has been filed, the Court will decline to address the application of this issue to the instant case until a future, appropriate time.

[2] *Jacqueline Rummel v. Highmark, Inc.*, No. 2013-cv-367, Court of Common Pleas of Cambria County, filed February 1, 2013.

2

April 19, 2013. Plaintiff filed a brief in opposition (ECF No. 7) to Defendant's motion on April 29, 2013, and Defendant filed a reply brief (ECF No. 10) on May 7, 2013.

**B. Facts**

Plaintiff alleges the following facts in her amended complaint.[3] Plaintiff began employment with Highmark on February 20, 1995. (Am. Compl. ¶ 5). In May 1997, Plaintiff was promoted to the role of supervisor in the customer service unit of Highmark's Healthplan Operations ("HPO") Department, a Highmark call center in Johnstown, Pennsylvania. (Am. Compl. ¶ 6). Plaintiff's job duties included, among others, monitoring customer service representatives, completing performance evaluation worksheets for the employees she monitored, and interviewing job applicants for customer service representative positions. (Am. Compl. ¶¶ 7, 13, 20).

Plaintiff's supervisor position required her to work more than 40 hours per workweek and/or more than 8 hours per workday ("additional hours") at various times throughout her employment. (Am. Compl. ¶ 36). Plaintiff worked these additional hours on a monthly basis and for numerous reasons, including attending meetings, receiving training, completing staff merit reviews, providing training to new employees, and conducting interviews. (*Id.* ¶ 37). The number of additional hours varied from month to month, but working overtime was a regular and required part of Plaintiff's job. (*Id.* ¶ 38). Highmark has not compensated Plaintiff in any way for the additional hours that she worked. (*Id.* ¶ 40). Throughout her employment with Highmark, Plaintiff received positive performance reviews and regular pay raises. (*Id.* ¶ 33). Nevertheless, Highmark terminated Plaintiff from employment on August 31, 2012. (*Id.* ¶ 35).

---

[3] Plaintiff's amended complaint is docketed in this Court at ECF Document 1-1, at pages 37-58, and will be cited as "Am. Compl."

3

Following her termination from employment, Plaintiff initiated the instant action by filing a class action complaint in the Court of Common Pleas of Cambria County, which the Defendant removed to this Court and now moves to dismiss. The parties have fully briefed the Court, and this matter is ripe for disposition.

## IV.    LEGAL STANDARDS

Defendant moves to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 548 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F.3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of

4

a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("[L]eave to amend generally must be granted unless the amendment would not cure the deficiency.").

## V. DISCUSSION

In her amended complaint, Plaintiff alleges that Defendant did not pay her—and a class of similarly situated individuals—overtime pay for hours worked in excess of forty hours per workweek. Plaintiff's amended complaint contains two counts. Count 1 alleges violations of the PMWA, and Count 2 alleges violations of the FLSA.

Defendant argues that Plaintiff's amended complaint should be dismissed because (1) Plaintiff fails to allege sufficient facts to plausibly establish a prima facie claim under the PMWA or the FLSA (ECF No. 5 at 10-12); (2) Plaintiff is not covered by the overtime provision of the PMWA because she was employed in an executive capacity (ECF No. 5 at 7-10); (3)

5

Plaintiff fails to allege sufficient facts to establish a willful violation of the FLSA (ECF No. 5 at 12-14); and (4) Plaintiff fails to allege sufficient facts to support a class action claim (ECF No. 5 at 14-17). The Court will separately address each argument.

### A. FLSA and PMWA Prima Facie Claim

"Generally, the PMWA and the FLSA each require an employer to pay overtime to employees for hours worked over forty in a workweek." *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920, 925-26 (W.D. Pa. 2011); *see also* 29 U.S.C. § 207; 43 Pa. Cons. Stat. § 333.104(c). To state a prima facie claim under the FLSA, a plaintiff must allege that: (1) the defendant was "engaged in commerce" as that phrase is defined by the FLSA; (2) the plaintiff was an "employee" as defined by the FLSA; and (3) the plaintiff worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty. *See* 29 U.S.C. § 216(b); *Mell v. GNC Corp.*, No. 10-cv-945, 2010 WL 4668966, at * 5 (W.D. Pa. Nov. 9, 2010). Because "the PMWA parallels the FLSA in requiring employers to compensate employees for overtime hours worked, and has an identical standard of liability as the FLSA in overtime violation claims," courts analyze PMWA claims and FLSA claims under the same basic framework. *Alers v. City of Philadelphia*, 919 F. Supp. 2d 528, 557-60 (E.D. Pa. 2013) (citing *Baum v. Astrazeneca LP*, 372 F. App'x 246, 248-49 (3d Cir. 2010) (applying analysis of overtime compensation violation claims under PMWA and FLSA interchangeably); *Messmer v. Colors In Bloom, Inc.*, 67 F. App'x 719, 721 n.1 (3d Cir. 2003)).

In the instant case, Plaintiff has alleged that Highmark required her to work more than forty hours per workweek, but did not compensate her for those additional hours worked, in violation of both the FLSA and PMWA. Defendant argues that Plaintiff has failed to allege

6

sufficient facts to establish a plausible prima facie claim for a violation of the FLSA or the PMWA. (ECF No. 5 at 10-12).

Regarding the first element of Plaintiff's FLSA claim, Defendant contends that Plaintiff's amended complaint does not allege any facts suggesting that Highmark is engaged in interstate commerce. (ECF No. 5 at 11). Regarding the third element of Plaintiff's FLSA and PMWA claims, Defendant contends that Plaintiff's amended complaint does not allege sufficient facts to "plausibly establish that she worked more than forty hours per week but was not paid overtime compensation for the hours worked in excess of forty." (ECF No. 5 at 12). More specifically, Defendant asserts, "Plaintiff must at a minimum allege her weekly salary and the approximate weekly overtime hours she worked." (ECF No. 5 at 11). Plaintiff counters that she "has alleged the reason for the overtime . . ., the types of work performed during the overtime, and that the overtime was required on a monthly basis at amounts which varied from month to month," and that such allegations satisfy the requirements of *Twombly* and *Iqbal*. (ECF No. 7 at 14).

### 1. Engaged in Commerce

"Only those employees who are 'engaged in commerce or in the production of goods for commerce,' or who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce' may seek recovery under the FLSA's minimum and overtime wage provisions." *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007) (quoting FLSA, 29 U.S.C. §§ 206(a) and 207(a)(1)). In the instant case, while Plaintiff does not specifically state that Highmark was "engaged in commerce," it can be reasonably inferred from the amended complaint that Plaintiff is alleging that Highmark is an "enterprise engaged in commerce." *See Zhong*, 498 F. Supp. 2d at 629 (noting the plaintiff properly alleged this element of a FLSA claim where the plaintiff alleged that "[a]t all times relevant to this action,

7

Defendant was an enterprise covered by the FLSA as defined by [the statute]"); *see also Shakib v. Back Bay Rest. Grp., Inc.*, No. 10-cv-4564, 2011 WL 4594654 (D.N.J. Sept. 30, 2011).

Here, Plaintiff alleges (1) Highmark "is a corporation organized and existing under the laws of Pennsylvania" (Am. Compl. ¶ 2); (2) Highmark "maintains offices throughout Pennsylvania and conducts business in those offices" (Am. Compl. ¶ 4); and (3) Highmark "was an employer subject to the Fair Labor Standards Act" (Am. Compl. ¶ 119). Likewise, Plaintiff's amended complaint alleges (1) numerous facts concerning Highmark's structure relating to hiring decisions, personnel supervision and review, and work-related policy development and enforcement (Am. Compl. ¶¶ 9-32); and (2) numerous facts concerning Highmark's internal departmental organization (Am. Compl. ¶¶ 49-54). The Court finds that Plaintiff's allegations are sufficient to state the first element of a prima facie claim to withstand a motion to dismiss.

### 2. Salary and Work Hours

To state a claim for relief under the FLSA and PMWA, a plaintiff must allege that she "worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty," and must plead facts with "enough heft to establish the plaintiff's right to relief." *Mell v. GNC Corp.*, No. 10-cv-945, 2010 WL 4668966, at *5-7 (W.D. Pa. Nov. 9, 2010); *see also Guimaraes v. TJX Companies, Inc.*, No. 12-cv-01250, 2012 WL 6671333, at * 4 (D.N.J. Dec. 20, 2012). In her amended complaint, Plaintiff alleges,

> 36. By the nature of her position, [Plaintiff] had to work more than forty (40) hours in a work week and/or more than eight (8) hours in a workday at various times throughout [her] employment.
>
> 37. [Plaintiff] needed to work these additional hours on at least a monthly basis and were for various purposes, including, but not limited to, attending meetings, receiving training, completing staff merit reviews, providing training to new employees and conducting interviews.

38. The number of additional hours that were required varied by month, but overtime was a continuing, regular and required part of the Plaintiff's job.

39. Evidence of the precise number of hours worked by Plaintiff and every other member of the class is in the possession of the Defendant. . . .

40. [Plaintiff] has not been compensated for these additional hours in any way.

(Am. Compl. ¶¶ 36-40). Likewise, Plaintiff makes detailed allegations regarding her job duties (*see* Am. Compl. ¶¶ 6-32) and detailed allegations about the nature of the work that she and the other supervisors performed (*see* Am. Compl. ¶¶ 41-44). Furthermore, Plaintiff specifically alleges that she is entitled to the overtime protections of the FLSA and PMWA because "Highmark systematically and willfully deprived [Plaintiff] of overtime pay . . . Among other things, Highmark knowingly required [Plaintiff] to work more than 40 hours per week, required travel and attendance at various functions and meetings and the preparation of time-consuming performance reviews."[4] (Am. Compl. ¶ 45-46).

Although the amended complaint may not be as factually detailed as Defendant may wish, Plaintiff's allegations are enough to survive a motion to dismiss because Plaintiff has minimally established a "plausible claim for relief." *Schwartz v. Victory Sec. Agency, LP*, No. 11-cv-0489, 2011 WL 3047639, at * 3 (W.D. Pa. July 25, 2011); *Scott v. Bimbo Bakeries, USA, Inc.*, No. 10-cv-3154, 2012 WL 645905, at *3 (E.D. Pa. Feb. 29, 2012) ("Although Plaintiffs do not include an actual calculation of their average hourly rate of pay, we conclude that such specificity is unnecessary at this stage.").

---

[4] The allegations quoted above are only a sample of similar allegations repeated throughout Plaintiff's detailed 127-paragraph amended complaint. *See, e.g.*, Am. Compl. ¶ 84 ("Highmark knowingly required the class members to attend and/or participate in the same types of meetings, training sessions and other events, and to complete time-consuming performance evaluations, even though Highmark knew that meeting these requirements would require working in excess of 40 hours per week.").

9

Accordingly, Plaintiff has alleged sufficient facts to plausibly establish a prima facie claim for violations of both the FLSA and the PMWA to withstand a Rule 12(b)(6) motion to dismiss.

**B. The PMWA Executive Exemption**

Defendant also argues that Plaintiff is exempt from the overtime provision of the PMWA pursuant to the PMWA's executive exemption. (ECF No. 5 at 7-10). As explained above, the PMWA mandates that "each employee shall be paid for overtime not less than 1–1/2 times the employee's regular rate of pay for all hours in excess of 40 hours in a workweek." 34 Pa. Code § 231.41; 43 Pa. Cons. Stat. § 333.104(c). In her amended complaint, Plaintiff alleges that Highmark failed to compensate her for hours worked in excess of forty per workweek over the course of her employment as a supervisor. (Am. Compl. ¶¶ 36, 40, 46, 84, 113-115). Defendant, however, denies that the PMWA applies, arguing that Plaintiff was employed in an executive capacity and is thus exempt from the PMWA overtime provision. (ECF No. 5 at 7).

The PMWA exempts certain employees from the requirements of the overtime provision. Relevant to the discussion here, an employee who works in a "bona fide executive capacity" is exempt from the overtime provisions of the PMWA. 34 Pa. Code § 231.81. "According to the PMWA, an employee works in an executive capacity if, in addition to being paid a fixed salary of $250 or more per week, he or she (1) has a 'primary duty' consisting of 'the management of the enterprise . . . or of a customarily recognized subdivision thereof' and (2) is responsible for 'the customary and regular direction of the work of two or more other employees therein.'" *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-cv-106, 2013 WL 2557629, at *1 (W.D. Pa. June 10, 2013) (citing *King v. Dolgencorp, Inc.*, No. 09-cv-146, 2010 WL 9475736, at *10 (M.D. Pa. May 6, 2010)) (quoting 34 Pa. Code § 231.82(6)).

10

Courts in the Third Circuit have consistently held that "it is not appropriate to grant a motion to dismiss based on an affirmative defense where the factual predicate of said defense is not apparent from the face of the complaint." *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-cv-106, 2013 WL 2557629, at *1 (W.D. Pa. June 10, 2013) (citing *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005)); *see also In re Tower Air, Inc.*, 416 F.3d 229, 242 (3d Cir. 2005) ("[A]ffirmative defenses generally will not form the basis for dismissal under Rule 12(b)(6)."). Likewise, "whether a plaintiff falls within a particular exemption constitutes a mixed question of law and fact, requiring the Court to examine historical or record facts. . . . In light of this fact-intensive analysis, courts routinely deny motions to dismiss when a defendant asserts that an exemption applies." *Hively*, 2013 WL 2557629 at *2 (quoting *Hein v. PNC Fin. Servs. Grp., Inc.*, 511 F. Supp. 2d 563, 570 (E.D. Pa. 2007)); *see also Haskins v. VIP Wireless Consulting*, No. 09-cv-754, 2009 WL 4639070, at *6 (W.D. Pa. Dec. 7, 2009) (concluding "such a detailed, fact-intensive analysis is impossible at this stage of the litigation"); *Snyder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428, 451-52 (D.N.J. 2011).

Here, Plaintiff maintains that her supervisor position did not involve "'primary duties' of a managerial nature," but claims instead that she "functioned only as an objective scorekeeper in monitoring the employees' adherence to objective performance standards," which were established by Highmark. (ECF No. 7 at 5, 7). In her amended complaint, Plaintiff avers the following:

- Plaintiff "followed the instructions of her managers and implemented the objective job requirements . . . established by Highmark" (Am. Compl. ¶ 9);

- Plaintiff "did not plan the employee's work, apportion work among the employees, direct the tasks that needed to be done, or determine the techniques that were to be used" (Am. Compl. ¶ 10);

- The "policies, rules and standards by which employees were monitored were not determined by [Plaintiff], but instead, were established by the Plaintiff's superiors at Highmark" (Am. Compl. ¶ 11);

- Plaintiff "had no discretion to deviate from" the policies, rules, and standards established by Highmark (Am. Compl. ¶ 11);

- Regarding employee evaluations, Plaintiff "did not create the preprinted evaluation worksheet or have any input as to its use in the evaluation process" (Am. Compl. ¶ 14);

- The methods for calculating and implementing employee evaluation ratings were developed by Highmark, and Plaintiff "had no role in creating [the] bonus/raise calculation method" (Am. Compl. ¶¶ 15-19);

- Regarding job applicant interviews, Plaintiff "made no contributions or input into the creation or use of [the job] applications or interview questions" (Am. Compl. ¶ 21);

- Plaintiff "did not have the authority to hire or fire employees, nor did she make recommendations or suggestions that were given particular weight" (Am. Compl. ¶ 32);

- "The work that Plaintiff performed did not involve the use, or ability to use, any independent judgment or discretion, nor did it require any specialized training, experience or knowledge" (Am. Compl. ¶ 41).

12

Furthermore, Plaintiff specifically alleges that she was entitled to the overtime protections of the PMWA and FLSA because "she was not an 'exempt' employee." (Am. Compl. ¶ 45).

Under the plausibility standard governing a Rule 12(b)(6) motion, Plaintiff's allegations "establish a plausible inference that Plaintiff['s] PMWA claims are not barred by the 'executive capacity' exemption." *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-cv-106, 2013 WL 2557629, at * 2 (W.D. Pa. June 10, 2013) (citing *Iqbal*, 556 U.S. at 678). At this stage in the litigation, the Court need not determine whether the exemption applies, but only whether the Plaintiff has plausibly stated a claim for relief. Accordingly, Defendant's motion to dismiss Plaintiff's PMWA claim under the executive exemption will be denied, without prejudice to Defendant raising such an argument at summary judgment, if appropriate.

## C. Willful Violation of the FLSA[5]

Next, Defendant contends, "Plaintiff's claim that Highmark willfully violated the FLSA is insufficiently plead and, therefore, requires dismissal." (ECF No. 5 at 12). Defendant argues (1) Plaintiff's amended complaint is devoid of any factual allegations to support a plausible claim of willfulness, (2) Plaintiff does not allege she complained to Highmark that she was improperly classified as exempt from the FLSA's overtime provision, and (3) Plaintiff does not allege the existence of any case law or guidance that should have put Highmark on notice that she might be improperly classified as exempt. (ECF No. 5 at 13).

---

[5] Inasmuch as Defendant's argument concerning Plaintiff's allegations of "willfulness" raises a statute of limitations defense, that issue is moot. A plaintiff must raise FLSA claims within two years after a cause of action accrues. *See* 29 U.S.C. § 255. An employer's "willful" violation of the statute, on the other hand, may be filed within three years after a cause of action accrues. *See Schwartz v. Victory Sec. Agency, LP*, No. 11-cv-0489, 2011 WL 3047639, at *4 (W.D. Pa. July 25, 2011). A cause of action accrues "when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 CFR § 790.21; *see also Michaelgreaves v. Gap, Inc.*, No. 11-cv-6283, 2013 WL 257127, at *4 (D.N.J. Jan. 23, 2013). Plaintiff has alleged that the uncompensated overtime occurred throughout her employment, up until the time of her termination on August 31, 2012. (Am. Compl. ¶ 35). Plaintiff filed her complaint in the Cambria County Court of Common Pleas on February 1, 2013, which was within the two-year limitations period under the statute.

In response, Plaintiff argues that an employee does not have the burden to "assist her employer in assuring that she is properly categorized, nor does she have a duty to complain of a misclassification," and, furthermore, that Plaintiff has pled sufficient facts indicating willful violations of the FLSA and PMWA. (ECF No. 7 at 15).

Here, Defendant's argument fails for the same reason that the executive exemption argument fails above. Namely, "the issue of willfulness also may not be resolved at this early stage of the litigation." *Burroughs v. MGC Servs., Inc.*, No. 08-cv-1671, 2009 WL 959961, at *5 (W.D. Pa. Apr. 7, 2009) (citing *Mavrinac v. Emergency Medicine Assoc. of Pittsburgh*, No. 04-cv-1880, 2007 WL 2908007, at *9 (W.D. Pa. Oct. 2, 2007) ("Whether there has been a willful violation of the [FLSA] . . . is a question of fact to be determined by the fact finder by examining the evidence at trial.")); *see also Zebroski v. Gouak*, No. 09-cv-1857, 2009 WL 2950813 (E.D. Pa. Sept. 9, 2009).

Furthermore, Plaintiff's amended complaint sets forth a plausible claim for relief to withstand a motion to dismiss. While a complaint need not include "detailed factual allegations," the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010).

The Court, having construed the alleged facts—and drawing all inferences gleaned therefrom—in the light most favorable to the non-moving party, finds that Plaintiff has alleged sufficient facts to support a claim for willful violation of the FLSA to satisfy the plausibility standard of a motion to dismiss. Specifically, Plaintiff alleges in her amended complaint,

> Highmark acted *willfully* and *with reckless disregard* to the Act's clearly applicable provisions, including, but not limited to having policies which require

attendance at meetings (some of which required travel) and knowingly requiring the performance of duties which could not reasonably be completed during a forty hour work week.

(Am. Compl. ¶¶ 115, 127) (emphasis added). To further support this assertion, Plaintiff's amended complaint alleges that Highmark required attendance at training sessions, meetings, and other events, and required completion of performance evaluations, through which "Highmark systematically and willfully deprived [Plaintiff] of overtime pay in violation of . . . the PMWA and FLSA." (Am. Compl. ¶¶ 36, 46). Likewise, Plaintiff's amended complaint alleges,

> Highmark knowingly required [Plaintiff] to attend and/or participate in . . . meetings, training sessions and other events, and to complete time-consuming performance evaluations, even though Highmark knew that meeting these requirements would require working in excess of 40 hours per week.

(Am. Compl. ¶ 84). In further support of her willfulness claim, Plaintiff alleges that Highmark failed to "keep a true and accurate record of, among other items, the hours worked each day and each workweek by its employees, and how much overtime was worked," and "failed to furnish a statement to all employees with each payment of wages, indicating the number of hours worked during the specific pay period." (Am. Compl. ¶¶ 116, 117). Taken together, the allegations in the amended complaint, though very general, state a plausible claim that Defendant willfully violated the FLSA.

Accordingly, Defendant's motion to dismiss Plaintiff's claims that Highmark willfully violated the FLSA will be denied without prejudice to Defendant's right to challenge Plaintiff's allegation of willfulness at a later stage in this litigation, if appropriate. *See Burroughs v. MGC Servs., Inc.*, No. 08-cv-1671, 2009 WL 959961, at *5 (W.D. Pa. Apr. 7, 2009).

## D. Class Action Claim[6]

Finally, Defendant contends that Plaintiff's amended complaint fails to allege facts identifying a plausible class of similarly situated employees. (ECF No. 5 at 14-17). "[W]here . . . a plaintiff brings suit on behalf of [her]self and others similarly situated, [her] complaint should indicate who those other employees are and explain their alleged entitlement to relief." *Verdecchio v. Tri-Cnty. Real Estate Maint. Co., Inc.*, No. 12-cv-1577, 2012 WL 6624200, at *2 (D.N.J. Dec. 19, 2012).

While Plaintiff's amended complaint does not specify the class members by name or state a precise number of class members, Plaintiff has nonetheless sufficiently identified the potential members of the class to survive a motion to dismiss. Plaintiff's amended complaint contains the following allegations, among others:

> 52. The putative class is brought on behalf of Highmark "supervisors," defined as "individuals employed as supervisors in Highmark's 'Healthplan Operations'" department, from 2010 to the present, to recover unpaid overtime compensation pursuant to the [PMWA] and the [FLSA].
>
> 53. . . . [T]he class members performed similar types of tasks as [Plaintiff] . . .
>
> 55. . . . Plaintiff believes that there are, at a minimum, dozens, of individuals in the class of supervisors.
>
> 56. . . . Plaintiff knows firsthand of at least 27 supervisors within Highmark's HPO department.

(Am. Compl. ¶¶ 52, 53, 55, 56). Likewise, Plaintiff's amended complaint contains detailed factual allegations concerning Highmark's departmental structure (Am. Compl. ¶¶ 49-51), the

---

[6] Because no class certification motion has been filed, the Court agrees with Plaintiff that "[t]o the extent that this case proceeds as a 'class action' or 'collective action' is not the issue at this stage." (ECF No. 7 at 16). At this time, the Court considers only whether Plaintiff has stated a plausible claim for relief by identifying a class of similarly situated employees, and the Court will consider relevant class certification issues at the appropriate time. *See Bros. v. Portage Nat. Bank*, No. 06-cv-94, 2007 WL 965835, at *7 (W.D. Pa. Mar. 29, 2007) ("[W]hatever the standards for certification, the Court will not expect at this juncture anything more from Plaintiff than what Rule 12(b)(6) ordinarily requires: a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8.").

job duties of the class members (Am. Compl. ¶¶ 58-86), and the alleged violations of the PMWA and FLSA as related to the class members (Am. Compl. ¶¶ 106-127).

The allegations in Plaintiff's amended complaint satisfy—albeit minimally—the plausibility standard of a Rule 12(b)(6) motion to dismiss. Plaintiff identifies the potential class members as "supervisors" in Highmark's HPO Department during the time from 2010 to present. Plaintiff alleges that the number of supervisors deprived of overtime pay number in the dozens, and Plaintiff states that she is aware of at least 27 supervisors within the HPO Department. Plaintiff describes the job duties of the supervisors and explains their role and responsibilities within Highmark's departmental structure. Plaintiff describes how the alleged violations of the PMWA and FLSA relate to the class members. Such allegations sufficiently identify the potential class members to survive the instant motion to dismiss.

## VI. CONCLUSION

For the reasons explained above, the Court finds that Plaintiff's amended complaint states a plausible claim for relief under the PMWA and the FLSA. Accordingly, the Court will **DENY** Defendant's motion to dismiss. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE RUMMEL, *on behalf of herself and all others similarly situated,* ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3:13-cv-87 |
| ) ) | |
| v. ) ) | JUDGE KIM R. GIBSON |
| HIGHMARK, INC., ) ) | |
| Defendant. ) | |

## ORDER

AND NOW, this 15th day of November 2013, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 4) Plaintiff's amended complaint is **DENIED**.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE